**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

CARMEN BELTRAMI,

                Plaintiff,

    v.

LEHIGH VALLEY HEALTH
NETWORK INC. & DIANE BISSOL,

                Defendants.

CIVIL ACTION NO. 3:23-CV-01351

(MEHALCHICK, J.)

**MEMORANDUM**

Before the Court is a motion to dismiss filed by Defendants Diane Bissol ("Bissol") and the Lehigh Valley Health Network, Inc. ("LVHN") (collectively, Defendants) (Doc. 4). Plaintiff Carmen Beltrami ("Beltrami") initiated this action by filing a complaint in Luzerne County Court of Common Pleas on July 17, 2023. (Doc. 1-1). The case was removed to the Middle District of Pennsylvania on August 15, 2023. (Doc. 1). For the following reasons, Defendants' motion to dismiss will be **GRANTED**. (Doc. 4). Beltrami's complaint will be **DISMISSED with prejudice**. (Doc. 1-1). The Clerk of Court is directed to **CLOSE** this action.

I.   <u>PROCEDURAL AND FACTUAL BACKGROUND</u>

The following factual background is taken from Beltrami's complaint. (Doc. 1). As of 2018, Beltrami worked for Defendants as a Technical Partner. (Doc. 1-1, ¶ 5). At all relevant times, Beltrami and Defendants were subject to the terms set forth in the Collective Bargaining Agreement ("CBA") between LVHN and "District Council 87, American Federation of State, County and Municipal Employees, AFSME," ("the Union"). (Doc. 1-1, ¶ 5). This document

is attached to the complaint and is incorporated by reference.[1] On November 14, 2022, Defendants terminated Beltrami. (Doc. 1-1, ¶ 6). Without including any specific factual allegations regarding the nature of his employment or termination, Beltrami alleges he was terminated "without prior notice or just cause" based on "one [] alleged incident" that "did not involve misconduct which fell so far below expectations of Defendants [] that employment cannot be continued." (Doc. 1-1, ¶¶ 6, 12, 13). Thus, as Beltrami sees it, his termination violates the CBA. (Doc. 1-1, ¶ 16).

Beltrami filed his complaint in Luzerne County Court of Common Pleas on July 17, 2023. (Doc. 1; Doc. 1-1). Therein, he alleges the following state law claims: Count I—Wrongful Termination/ Breach of Contract; Count II—Breach of Contract/ Retaliation; and Count III—Intentional Infliction of Emotional Distress. (Doc. 1-1, at 5-9). As relief, Beltrami seeks compensatory damages. (Doc. 1-1, ¶¶ 24, 38, 48).

On August 15, 2023, Defendants removed this action to this Court, claiming "Plaintiff's claims are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a)." (Doc. 1, ¶ 13). On August 21, 2023, Defendants filed the instant motion to dismiss, along with a brief in support. (Doc. 4; Doc. 5). Beltrami filed a brief in opposition to Defendants' motion on May 5, 2024. (Doc. 20). Accordingly, the motion is ripe for discussion. (Doc. 4; Doc. 5; Doc. 20).

---

[1] At the motion to dismiss stage, "it is [] permissible to consider documents relied on by plaintiff in drafting the complaint and integral to the complaint." *Marks v. State Farm Fire & Cas. Co.*, 4:21-CV-00307, 2021 WL 3022637 (M.D. Pa. July 16, 2021).

II.   LEGAL STANDARDS

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

3

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

## III.   DISCUSSION

As a primary matter, in the "Counter-Statement of Facts/Procedural History" section of his brief in opposition to Defendants' motion to dismiss, Beltrami asserts that "as of the date of the filing of this Brief, the Court has not ruled on Plaintiff's Objections to Removal or his Motion to Stay the proceedings." (Doc. 20, at 4). This statement reflects some serious misunderstandings on the part of Beltrami. First, there is no outstanding motion to remand on the docket that is actionable by this Court. On August 27, 2023, Beltrami filed an "Answer and Objections of the Plaintiff to the Notice of Removal of this Action From State Court." (Doc. 7). However, had Beltrami sought to have this action remanded back to state court, he should have properly filed a motion to remand this action. Even construing Beltrami's

4

"Answer and Objections of the Plaintiff to the Notice of Removal of this Action From State Court" as a motion to remand, the submission fails to comply with the Local Rules. Local Rule 7.5 is violated because Beltrami failed to file an accompanying brief in support of his motion within fourteen days of its filing. (Doc. 10, at 3-4). As dictated by Local Rule 7.5, "[i]f a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." Accordingly, any purported motion for remand is withdrawn in accordance with Rule 7.5. (Doc. 7); *see Salkeld v. Tennis*, 248 Fed. App'x 341 (3d Cir. 2007) (affirming dismissal of motion under Local Rule 7.5); *see also Cooper v. Wetzel*, 2022 WL 17084139, at *2 (M.D. Pa. Nov. 18, 2022) (withdrawing plaintiff's motion for failing to comply with Local Rule of Court 7.5); *see also Nelson v. Hauser*, 2022 WL 15523083, at *2 (M.D. Pa. Oct. 27, 2022) (withdrawing motion for failing to comply with Local Rule 7.5). Further, Beltrami has failed to support his legal arguments with complete citations of the authorities relied upon in accordance with Local Rule 7.8. (Doc. 7; Doc. 10, at 3-4). Accordingly, the Court concludes that there is no actionable objection to removal or motion to remand that the Court may rule upon at this time.

Second, a review of the docket reveals that there is no outstanding motion to stay reviewable by this Court. During an April 24, 2024, telephonic status conference with the parties, Beltrami's motion to stay was resolved, and he was directed to file a brief in opposition to Defendants' motion to dismiss. (Doc. 19).  Accordingly, on April 25, 2024, one week before Beltrami filed his brief in opposition to Defendants' motion to dismiss, the Court withdrew Beltrami's motion to stay this action. (Doc. 8; Doc. 19). The singular outstanding motion that remains on the docket in this case is Defendants' motion to dismiss. (Doc. 4).

Arguing for dismissal of the complaint, Defendants aver that Beltrami's claims are completely preempted by Section 301 of the LMRA. (Doc. 5, at 3-4). According to Defendants, pursuant to Section 301 of the LMRA, Beltrami's claims must be dismissed because he has failed to exhaust his contractual remedies, failed to allege a violation of the duty of fair representation, and failed to comply with the applicable statute of limitations. (Doc. 5, at 10-14). Alternatively, Defendants argue Beltrami's complaint must be dismissed because he has failed to sufficiently allege each of his state law claims. (Doc. 5, at 14). Plaintiff refutes both that his claims are preempted by federal law and that he has failed to state a claim upon which relief may be granted. (Doc. 20, at 6-13). For the following reasons, the Court will grant Defendants' motion to dismiss. (Doc. 4). Beltrami's complaint is to be dismissed with prejudice. (Doc. 1-1).

A. Beltrami's State Law Claims are Preempted by Section 301 of the LMRA

The parties dispute whether Beltrami's claims are preempted by Section 301 of the LMRA. (Doc. 5, at 5). Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between such labor organizations, may be brought in the district court of the United States having jurisdiction on the parties, without respect to the amount in controversy or without regard to the citizenship in question.

29 U.S.C. § 185(a).

"As interpreted by the Supreme Court, this provision of the LMRA has both a jurisdictional and substantive effect." *Guidas v. United States Steel Corp.*, 2:24-CV-305, 2024 WL 2729905, at *6 (W.D. Pa. May 28, 2024); *see Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 455 (1957). The LMRA has been held to completely preempt the field of labor contracts

6

such that any state law claim that requires interpretation of the terms of a collective bargaining agreement is deemed to be preempted by Section 301. *See Avco Corp. v. Aero Lodge, I.A.M. & A.W.*, 390 U.S. 557, 560 (1968) (finding that Section 301 of the LMRA completely preempts the field of labor contracts); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 208 (1985) ("questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort"); *see also Guidas*, 2024 WL 2729905, at *6 ("In defining this doctrine, the Supreme Court explained that 'the preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for. S. Cal.*, 463 U.S. 1, 23 (1983))). Preemption under the LMRA extends even beyond contract claims, applying also to state law torts that are "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers*, 471 U.S. at 220.

Defendants aver that Count I, Count II, and Count III of the complaint are preempted by Section 301 of the LMRA because the contract at issue in this case, the CBA, is a collective bargaining agreement between the LVHN and the Union. (Doc. 5, at 8). In refuting Defendants' argument, Beltrami asserts that:

> [Beltrami's] filing of the underlying action in State Court was proper because the suit did not arise under § 301 of the LMRA, and therefore was not subject to dismissal for failure to exhaust the arbitration procedures established in the collective bargaining agreement. A § 301 suit arises out of a violation of a general labor contract for the collective group of employees, but the Plaintiff's

causes of action here are State law tort claims of intentional infliction of emotional distress and bad faith.[2]

(Doc. 20, at 6-7).

Beltrami further contends that "[a] § 301 suit arises out of a violation of a general labor contract for the collective group of employees, but the Plaintiff's causes of action here are State law tort claims of intentional infliction of emotional distress and bad faith." (Doc. 20, at 7). However, while Beltrami does assert a claim for intentional infliction of emotional distress in Count III of his complaint, both Count I and Count II are breach of contract claims, in neither of which he asserts a bad faith claim. (Doc. 1-1, ¶¶ 8-24, 25-38).

A review of the complaint makes clear that Count I, Count II, and Count III of the complaint each require interpretation of the collective bargaining agreement referenced and relied upon in the complaint, the CBA. (Doc. 1-1, at 5-11). As argued by Defendants, "if the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor law principles … must be employed to resolve the dispute." (Doc. 5, at 6); *Lingle v. Norge Div. of Magic-Chef, Inc.*, 486 U.S. 399, 405-06 (1988). As breach of contract claims, there is no disputing that resolution of both Count I and Count II "depends upon the meaning of a collective bargaining agreement." *Lingle*, 486 U.S. at 405-06; *see also Pucci v. Liberty Life*

---

[2] Beltrami also asserts: "[a]s further evidence that the Plaintiff's state law claims are not preempted, they would not be preempted by §§ 8(a)(5) and (d) of the National Labor Relations Act (NLRA), 49 Stat. 452, as amended, 29 U.S.C. §§ 158(a)(5) and (d)." (Doc. 20, at 7). However, Defendants do not argue that Beltrami's claims are preempted by the NLRA. As the has concluded Beltrami's claims are preempted under Section 301 of the LMRA, the Court will not address preemption under the NLRA.

*Assurance Co.*, 2006 WL 2089961, at *2 (W.D. Pa. July 21, 2006) (finding a plaintiff's state law breach of contract claims preempted under Section 301); *see also Shanefelter v. U.S. Steel Corp.*, 784 F. Supp. 2d 550, 559 (W.D. Pa. 2011) (finding plaintiff's breach of contract claims were preempted by Section 301 because they depended on interpretation of a collective bargaining agreement.). As for Count III, the intentional infliction of emotional distress claim, to meet his burden Beltrami must allege that Defendants' conduct was outrageous. *See Capraro v. United Parcel Service Co.*, 993 F.2d 328, 333 (3d Cir. 1993). To do so, Beltrami must allege that his discharge was wrongful per the terms of the CBA. *See Capraro,* 993 F.2d at 333. Thus, assessment of Beltrami's intentional infliction of emotional distress claims requires interpretation of the CBA. *See Capraro,* 993 F.2d at 333. Accordingly, Section 301 preempts this claim. *See Capraro,* 993 F.2d at 333 (finding any state law claims that require interpretation of a collective bargaining agreement, including intentional infliction of emotional distress, are preempted by Section 301); *see also Kline v. Security Guards, Inc.*, 386 F.3d 246, 259 (3d Cir. 2004) (finding claims for intentional infliction of emotional distress preempted where "provisions of the collective bargaining agreement could fairly be read to authorize the employer's conduct"). Accordingly, the state law claims detailed in Beltrami's complaint are entirely preempted by Section 301 of the LMRA.[3]

---

[3] When a district court determines that a state law claim is preempted by Section 301, the Court may either consider the merits of the claim under the LMRA or dismiss the claim as preempted. *See Allis–Chalmers,* 471 U.S. at 220; *see also G4S Secure Sols. USA, Inc.*, CIV. 10-6792 JBS/AMD, 2011 WL 3859742, at *4 ("When a court determines that a state law claim is preempted by § 301, it can either treat the claim as a § 301 claim or dismiss such claim as preempted."). Here, the Court opts to consider the merits of Beltrami's claims.

B. Dismissal of Beltrami's Claims under Section 301 of the LMRA

### 1. Beltrami has Failed to Allege he Exhausted his Contractual Remedies or that the Union Breached its Duty of Fair Representation

Defendants argue that Beltrami's complaint must be dismissed because he has failed to allege both that he exhausted his contractual remedies and that the Union breached their duty of fair representation. (Doc. 5, at 10). Beltrami contends that because he does not assert his claims under the LMRA, he is not subject to its exhaustion requirements. (Doc. 20, at 6-7). Beltrami does not address Defendants' argument regarding his failure to allege the Union breached its duty of fair representation in any meaningful way. (Doc. 20).

"An employee protected by a collective bargaining agreement may sue his employer under [Section] 301 of the LMRA only after he has pursued his available contractual grievance and arbitration remedies and has established that his right of fair representation has been violated by the union." *Henderson v. Merck & Co., Inc.*, 998 F. Supp. 532, 541 (E.D. Pa. 1998); *see also Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965); *Manning v. Bouton*, 678 F.2d 13, 16 (3d Cir. 1982) ("Being bound by the collective bargaining agreement, [plaintiff] was not free to ignore the procedures it specifies for the pressing of grievances by bringing suit in federal court."). Here, the complaint makes no reference to an attempt to exhaust contractual remedies. (Doc. 1-1). The CBA Beltrami attaches to the complaint, however, "contains a detailed grievance and arbitration procedure that applies to complaints or grievances 'arising' 'under or out of [the CBA].'" (Doc. 1-1; Doc. 5, at 11). Additionally, the complaint contains no factual allegations suggesting the Union violated its duty to fairly represent Beltrami. (Doc. 1-1). As such, the complaint does not include either of the prerequisites for filing an action under Section 301 of the LMRA. (Doc.1-1). Beltrami has

10

thus failed to sufficiently plead his Section 301 claims. *See Albright v. Virtue*, 273 F.3d 564, 576 (3d Cir. 2001) (holding that a breach of the duty of fair representation claim is a necessary condition precedent to a Section 301 claim); *see also Carpenter v. Wawa,* CIV.A. 09-2768, 2009 WL 4756258, at *3-4 (E.D. Pa. Dec. 3, 2009) (dismissing claims under Section 301 for failure to exhaust administrative remedies); *see also Keister v. PPL Corporation*, 253 F. Supp. 3d 760, 776 (M.D. Pa. 2015) (dismissing a plaintiff's Section 301 claim where plaintiff failed to exhaust the grievance procedures detailed in the operative CBA). Defendants' motion to dismiss is **GRANTED** on this basis. (Doc. 4). Beltrami's claims are to be **DISMISSED with prejudice**.[4] (Doc. 1-1).

### 2.   Beltrami's Claims are Barred by the Statute of Limitations

Defendants also contend that Beltrami's complaint must be dismissed because his claims are barred by the applicable statute of limitations. (Doc. 5, at 13-14). According to Defendants, Beltrami's claims are "hybrid" Section 301 claims because Beltrami is an employee alleging his employer violated the CBA. (Doc. 5, at 13 n.2). As such, Defendants correctly assert that Beltrami's claims must have been filed within six months of the date that they accrued, or the date of his termination. (Doc. 5, at 13); *see Vadino v. A. Valey Engineers*, 903 F.2d 253, 260 (3d Cir. 1990) (holding that the six-month statute of limitations was applicable to claims by an employee against an employer alleging breach of the CBA); *see also Henderson*, 998 F. Supp. at 542 n.5 (finding Section 301 were barred by the six-month statute

---

[4] In this situation, the Court would typically grant Beltrami leave to file an amended complaint. Here, however, this exercise would be futile because his claims would be barred by the statute of limitations. *See Carpenter*, 2009 WL 4756258, at *3 (dismissing Section 301 claims for failure to exhaust with prejudice because the plaintiff's complaint was filed outside the applicable statute of limitations).

of limitations). Beltrami does not respond to Defendants' statute of limitations arguments. (Doc. 20).

Beltrami's complaint is barred by the six-month statute of limits set by Section 301 of the LMRA. Beltrami's claims accrued on November 14, 2022, the date he alleges he was terminated. (Doc. 1, ¶ 6); *see Matteo v. Bumble Bee Foods, LLC*, CIV. 14-435 RBK/JS, 2014 WL 4094281, at *7 n.8 (D.N.J. Aug. 18, 2014) (suggesting the date of an employee's termination to be the date of accrual for a Section 301 hybrid claim where there is no mention of the employee filing a grievance with their Union). Six months from this termination date was May 14, 2023. Beltrami filed his complaint in Luzerne County Court of Common Pleas on July 17, 2023. (Doc. 1-1, at 2). Accordingly, his complaint is untimely by over two months. *See Carpenter*, 2009 WL 4756258, at *3-4 (dismissing plaintiff's Section 301 claims because they were filed after the six months statute of limitations had run). Beltrami does not refute this or offer any case law to the contrary. Thus, the Court again here finds a basis to **GRANT** Defendants' motion to dismiss. (Doc. 4). Beltrami's complaint is **DISMISSED with prejudice**. (Doc. 1-1); *see Carpenter*, 2009 WL 4756258, at *4 (dismissing plaintiff's Section 301 complaint with prejudice due to being time-barred).

Having determined Beltrami's claims are barred by the statute of limitations, the Court will not further opine on the merits of Beltrami's claims.

## IV.   LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to

amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Beltrami's claims were filed beyond the six-month statute of limitation period afforded hybrid claims filed under Section 301 of the LMRA. (Doc. 1-1, at 2). His complaint is thus untimely. *See Miles v. Moyle,* 1:20-CV-2240, 2020 WL 7516666, at *5 (M.D. Pa. Dec. 2, 2020), *report and recommendation adopted*, 3:20-CV-2240, 2020 WL 7491362 (M.D. Pa. Dec. 21, 2020). As there is no curative amendment available for claims filed outside their applicable statute of limitations in this context, Beltrami will not be granted leave to amend his complaint. *See Miles*, 2020 WL 7516666, at *8.

## V.   CONCLUSION

Based on the foregoing, Defendants' motion to dismiss is **GRANTED**. (Doc. 4). Beltrami's complaint is **DISMISSED**. (Doc. 1-1). The Clerk of Court is directed to **CLOSE** this case. An appropriate Order follows.

Dated: July 29, 2024                              *s/ Karoline Mehalchick*
                                                  **KAROLINE MEHALCHICK**
                                                  **United States District Judge**